IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MATTHEW ANDREW GARCES, ON BEHALF OF MIGUEL CONTRERAS, JR.;<br><br>*Plaintiff,*<br><br>vs.<br><br>MIGUEL CONTRERAS SR., SYLVIA CONTRERAS, LITTLE CAESAR'S PIZZA,<br><br>*Defendants.* | § § § § § § § § § § § § § §  SA-25-CV-00539-OLG |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

Before the Court in the above-styled cause of action is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [#1] and proposed complaint [#1-1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order and report and recommendation pursuant to 28 U.S.C. § 636(b)(1). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the undersigned will grant the motion but recommend the District Court dismiss this case for lack of subject matter jurisdiction.

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.¹  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed and does not have sufficient monthly resources available to pay the filing fee.  The Court will therefore grant his motion to proceed IFP.

## II. Review Under Section 1915(e)

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has also reviewed Plaintiff's proposed Complaint under the standards set forth in Section 1915(e).

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court also has an ongoing obligation to evaluate its subject matter jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). For the reasons that follow, the undersigned recommends this case be dismissed for lack of subject matter jurisdiction and for failing to state a claim on which relief may be granted.

Plaintiff attempts to bring claims on behalf of his brother, Miguel Contreras Jr., who he states is a "40-year-old schizophrenic U.S. Marine veteran, under the guardianship of" Defendants Miguel Contreras, Sr. and Sylvia Contreras ("the Guardian Defendants"). (Proposed Compl. [#1-1], at 1.) Plaintiff claims to have medical power of attorney for his brother. (Proposed Compl. [#1-1], at 7–9.)

---

¹ The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

According to Plaintiff, on May 14, 2025, the Guardian Defendants "forced Miguel Jr. to wait in a black truck at Miguel Sr.'s workplace" in extremely hot weather. Defendant Little Caesar's Pizza is Miguel Sr.'s workplace. Plaintiff alleges that Little Caesar's denied Miguel Jr. "access to the facility's benefits (e.g., cooling, safety) due to his disability, forcing him into hazardous conditions." Plaintiff asserts violations of the Americans with Disabilities Act against Little Caesar's, as well as adult neglect/abuse and intentional infliction of emotional distress under state law against the Guardian Defendants.

### A. Plaintiff's Claims Against Little Caesar's

First, Plaintiff may not sue Little Caesar's on his brother's behalf. Under Fifth Circuit precedent, the capacity to sue on behalf of an individual deemed legally incapacitated is governed by the law of the state where the court is located—in this case, Texas. *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 163 (5th Cir. 2016). Under Texas law, when a person has been declared incapacitated and a guardian has been appointed, "[a]bsent a showing of conflict," only that guardian may bring a lawsuit on behalf of the ward. *Id.* at 164–65 (first citing *In re Archer*, 203 S.W.3d 16, 21 (Tex. App.—San Antonio 2006, pet. denied); then citing *Brown v. Midland Nat'l Bank*, 268 S.W. 226, 228 (Tex. Civ. App.—El Paso, writ ref'd); and then citing *Howell v. Thompson*, No. 11-09-00340-CV, 2011 WL 664763, at *2 (Tex. App.—Eastland, Feb. 24, 2011, no writ)). *See also* Tex. Est. Code § 1151.04 (allowing guardians to commence lawsuits on behalf of a ward). Indeed, in *Rideau* itself, the Fifth Circuit held that parents could not bring Americans with Disabilities Act claims on behalf of their child who had a guardian. *Rideau*, 819 F.3d at 164–165. Thus, even assuming Little Caesar's did violate the Americans with Disabilities Act by not allowing him entry on account of his disabilities, the Guardian Defendants are the only ones with the capacity to sue on Miguel Jr.'s behalf.

3

Plaintiff may argue that he has medical power of attorney and therefore does have the right to sue on behalf of his brother. For one, it appears that Miguel Jr. has been deemed legally incompetent, as Plaintiff has represented that guardians were appointed for Miguel Jr. An incompetent adult cannot grant someone medical power of attorney; the document attached to the proposed complaint is therefore void. *See Dexter v. Hall*, 82 U.S. 9, 20–26 (1872) (explaining that a contract made a legally incompetent person is void). Moreover, even if the contract assigning Plaintiff medical power of attorney were valid, it would solely grant Plaintiff with the power to make medical decisions on Miguel Jr.'s behalf—not the power to represent him in court as a non-attorney.[2] Thus, Plaintiff's claims against Little Caesar's should be dismissed.

### B.     Plaintiff's Claims Against the Guardian Defendants

Plaintiff asserts claims against the Guardian Defendants for "Adult Neglect/Abuse" and Intentional Infliction of Emotional Distress. (Proposed Compl. [#1-1], at 4.) He asks for damages, a declaratory judgment that they engaged in illegal adult neglect/abuse, injunctive relief including guardianship review, and costs.

Unlike for Plaintiff's claims against Little Caesar's, which must be brought by Miguel Jr.'s guardian, the Guardian Defendants have a conflict with bringing claims against themselves. These claims, however, should be dismissed for a different reason. Because the claim under the Americans with Disabilities Act should be dismissed, there would be no remaining federal cause of action in this lawsuit. In the Fifth Circuit, the general rule is that a court "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated

---

[2] A person may represent themselves *pro se*, but a non-attorney cannot represent another person. 28 U.S.C. § 1654; *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").

before trial." *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022) (quoting *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016) (per curiam)). The Court should follow that general rule here and not exercise jurisdiction over Plaintiff's state-law claims against the Guardian Defendants.

Moreover, the area of probate—including guardianships—is one generally committed to state courts. *See Hines v. Stein*, 298 U.S. 94, 98 (1936) ("Authority of the state courts over guardians for incompetents is thus definitely recognized."). Texas state courts' expertise in guardianships is especially significant in cases like this one, where one of Plaintiff's sought-after remedies is "guardianship review." A federal court may not review guardianship instituted by a state court. The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). The Fifth Circuit has repeatedly recognized that the *Rooker-Feldman* doctrine applies when "the plaintiff seeks the review and rejection of a state court judgment." *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 428–29 (5th Cir. 2014). This Court therefore does not have jurisdiction over Miguel Jr.'s guardianship. If Plaintiff believes the Guardian Defendants should be removed as the guardians of his brother, the appropriate forum in which to litigate this is the state court that appointed them as his guardians. Accordingly, Plaintiff's case should be dismissed for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted.

### III.   Order and Recommendation

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [#1] is **GRANTED**.

Additionally, having considered Plaintiff's Proposed Complaint [#1-1] under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that this case be **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## IV. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of June, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE