IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, ON BEHALF OF MIGUEL CONTRERAS, JR.; | § § § § | |
| | § | SA-25-CV-00539-OLG |
| *Plaintiff,* | § § | |
| vs. | § § | |
| MIGUEL CONTRERAS SR., SYLVIA CONTRERAS, LITTLE CAESAR'S PIZZA, | § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Recusal of Magistrate Judge Elizabeth S. "Betsy" Chestney [#18]. By his motion, Plaintiff seeks recusal of the undersigned pursuant to 28 U.S.C. § 455. The motion was referred to the undersigned on June 25, 2025, and the undersigned therefore has authority to enter an order on the motion under 28 U.S.C. § 636(b)(1)(A).

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, a judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "These provisions afford separate, though overlapping, grounds for recusal." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). "Subsection (b)(1) pertains to specific instances of conflicts of interest, while subsection (a) deals with the appearance of partiality generally." *Id.*

1

Plaintiff moves for recusal under both Sections 455(a) and 455(b)(1), as well as 455(b)(5)(iv), which provides for recusal where a judge "or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person . . . [i]s to the judge's knowledge likely to be a material witness in the proceeding."  Plaintiff argues that the undersigned's conduct in Plaintiff's cases demonstrates pervasive bias, procedural irregularities, and retaliation against Plaintiff for exercising his rights, creating an appearance of partiality.  Plaintiff requests that the undersigned be recused from all current and future civil actions in the Western District of Texas, that all cases be assigned to a neutral magistrate judge, and that all prior orders of the undersigned be vacated.  The undersigned will deny the motion.

The basis for bias and impartiality identified in Plaintiff's motion is the following:  (1) the undersigned issued legally erroneous recommendations to dismiss Plaintiff's claims; (2) the undersigned failed to allow Plaintiff the 14-day objection period before returning his cases to the District Court; and (3) the undersigned threatened sanctions while Plaintiff's motion to proceed *in forma pauperis* remained pending, explicitly referencing Plaintiff's other lawsuits and the vexatious litigant recommendation by another magistrate judge.

First, there is no impropriety or bias based on the undersigned returning this and several of Plaintiff's other cases to the District Court after making a recommendation for dismissal under 28 U.S.C. § 1915.  The Standing Order governing all cases involving requests to proceed *in forma pauperis* ("IFP") requires automatic referral of such cases to a Magistrate Judge for an order on the motion to proceed IFP, any motion for the appointment of counsel, and for a review of the pleadings pursuant to 28 U.S.C. § 1915. *See* https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Standing-Order-Regarding-Court-Docket-Management-of-Cases-Involving-Applications-to-Proceed-In-Forma-Pauperis-for-the-San-Antonio-Division-

100819.pdf. The Standing Order requires that a magistrate judge "return the case to the district court for further proceedings" upon issuing orders and/or recommendations on these three discrete matters. By returning Plaintiff's cases to the District Court, the undersigned is not depriving Plaintiff of his right to object to the undersigned's recommendations under the Federal Rules of Civil Procedure. Upon returning the case to the District Court, the District Court will consider any timely filed objections filed by Plaintiff and issue a final decision either accepting or rejecting the undersigned's recommendation.

Second, as to Plaintiff's assertions regarding the undersigned's legally erroneous decisions, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Andrade*, 338 F.3d at 455 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* (quoting *Liteky*, 510 U.S. at 555). Again, Plaintiff has the ability to lodge objections with the District Court and challenge any recommendation of the undersigned regarding any of his cases under Rule 72 of the Federal Rules of Civil Procedure. The undersigned is not the presiding judge over any of Plaintiff's cases and only has authority in the instant case to issue non-dispositive decisions, i.e., decisions that are not final as to the merits of any of Plaintiff's claims. Plaintiff has not demonstrated that any of the undersigned's legal decisions or recommendations in any other case evidence impartiality or bias, only that he disagrees with some of the undersigned's factual and legal determinations. Plaintiff may raise these concerns in objections filed with the District Judges presiding over his cases; they are not grounds for recusal.

Finally, Plaintiff has not established the undersigned's bias or impartiality based on the undersigned's reference to Judge Bemporad's recommendation that Plaintiff be labeled a vexatious litigant. Such a statement could only constitute the basis for a bias or partiality motion

3

if it displays "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (quoting *Liteky*, 510 U.S. at 555). The undersigned's statement merely made a record of Plaintiff's recent litigation history for the District Court and reminded Plaintiff of the possibility of sanctions if the District Judges presiding over his numerous lawsuits ultimately find them frivolous.

The undersigned emphasizes that the standard for evaluating motions for recusal based on bias or impartiality is an objective one—whether the "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" would find personal bias or impartiality to be present. *Id.* (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)). Plaintiff has not made such a showing.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Recusal of Magistrate Judge Elizabeth S. "Betsy" Chestney [#18] is **DENIED**.

SIGNED this 25th day of June, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE